## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DEMUS, #M-14259, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>A. DAVID, )<br>)<br>Defendant. ) | Case No. 20-251-RJD |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff James Demus brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights during his incarceration at Shawnee Correctional Center ("Shawnee") in the Illinois Department of Corrections ("IDOC"). (Doc. 1). At the time he filed the case, he was incarcerated at Dixon Correctional Center. Plaintiff claims that Defendant failed to provide necessary medical treatment and seeks monetary damages.

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: He arrived at Shawnee in

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memoranda of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

November 2017. He had previously been diagnosed with asthma and other health conditions for which he took regular medications. (Doc. 1, p. 6). Dr. A. David, a physician at Shawnee, told Plaintiff that he no longer had asthma and refused to issue him an inhaler. Plaintiff's previously issued inhaler had been taken away during his transfer to Shawnee. Plaintiff told Dr. David that his asthma was OK during winter months, but he would have trouble breathing when the weather got hot.

In March 2018, Dr. David told Plaintiff he had diabetes and put him on metformin. (Doc. 1, p. 6). Two weeks later a nurse practitioner tested Plaintiff's blood sugar, told him he did not have diabetes, and took him off the metformin. (Doc. 1, p. 7).

On May 27, 2018, Plaintiff had a "Code 3" reaction to the heat and couldn't breathe. (Doc. 1, pp.7-8, 14). He was treated in the infirmary for wheezing and asthma for three days. A nurse ordered an asthma inhaler, but Dr. David did not approve the order, still saying Plaintiff did not have asthma. Some days later the nurse practitioner issued Plaintiff the inhaler.

Plaintiff faults Dr. David for failing to issue the necessary inhaler, and for putting him on diabetes medication that he did not need. (Doc. 1, pp. 7-8).

### Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. A. David, for refusing to provide Plaintiff with an asthma inhaler.
>
> Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. A. David, for misdiagnosing Plaintiff and prescribing him unnecessary diabetes medication.

The parties and the Court will use these designations in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### Count 1

Prison medical providers violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

At this early stage, Plaintiff's allegations are sufficient to state a deliberate indifference claim against Dr. David for failing to provide Plaintiff with an asthma inhaler, where Plaintiff had a history of asthma, had been previously prescribed inhalers during his incarceration, and informed Dr. David of his condition. Plaintiff's claim in Count 1 shall proceed for further consideration.

### Count 2

Deliberate indifference does not occur unless a medical provider fails to act to mitigate a known risk of harm from an objectively serious medical condition. A mistake, misdiagnosis, or even malpractice does not amount to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). The Eighth Amendment only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Under these standards, Dr. David's apparently mistaken diagnosis that Plaintiff had

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

diabetes fails to state a constitutional claim. Plaintiff does not claim that he suffered any harm from taking metformin for only two weeks. Prescribing the medication was a reasonable action if Plaintiff had in fact suffered from diabetes. The claim that Dr. David misdiagnosed Plaintiff with diabetes does not amount to deliberate indifference, thus Count 2 shall be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** against Dr. A. David survives preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed for further consideration.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendant **A. DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

DATED:  December 15, 2020

> *s/ Reona J. Daly*
> **REONA J. DALY**
> **United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an

appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.