IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DEMUS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 20-cv-251-RJD<br>) |
| ALFONSO DAVID, | )<br>) |
| Defendant. | )<br>) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the court for case management purposes. On March 6, 2020, Plaintiff filed this suit pursuant to 42 U.S.C. §1983, alleging his Eighth Amendment rights were violated by Defendants at Shawnee Correctional Center. Plaintiff was incarcerated within the Illinois Department of Corrections ("IDOC") at the time he filed suit (Doc. 1). Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 8). The Court granted his motion, and pursuant to 28 U.S.C. §1915(b)(1), assessed him an initial partial filing fee $14.10 (Doc. 9). The Court directed IDOC to forward the initial partial filing fee from Plaintiff's account to the Clerk of Court upon receipt of the Order (Doc. 9).

Defendant waived service (Doc. 15). The Court entered a Scheduling Order on January 14, 2021, noting that Plaintiff never paid his initial partial filing fee (Doc. 22). The Court ordered Plaintiff to either pay the initial partial filing fee or demonstrate he did not have the means to do so on or before March 15, 2021 (Doc. 22).

By March 16, 2021, Plaintiff still had not paid the initial partial filing fee, nor had he

submitted documentation to the Court demonstrating that he did not have the money to do so. The Court ordered Plaintiff to show cause on or before April 6, 2021 why he should not be sanctioned for failing to comply with the Court's order to pay his initial partial filing fee. Plaintiff was warned that his failure to comply with the Show Cause Order may lead to dismissal of this case with prejudice for his failure to prosecute (Doc. 25).

Moreover, Defendant's counsel found that Plaintiff was released from IDOC on parole on May 29, 2020 (Doc. 24). The Court confirmed Plaintiff's release date on the Illinois Department of Corrections' website. On the day Plaintiff filed suit in this matter, the Court ordered him to inform the Court in writing of any address changes within seven days of the change taking place; failure to do so could result in the dismissal of his case (Doc. 2).

This Court has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Such a dismissal may be made "when there is a 'clear record of delay or contumacious behavior.'" *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989) (internal citations omitted). Defendant filed two dispositive motions in March 2021 (Docs. 24 and 26); Plaintiff did not respond to either motion. More than one year after Plaintiff was released from IDOC, he has not complied with any Court orders and has clearly abandoned this suit. More than two months have passed since Plaintiff's deadline for compliance with the Show Cause Order. The Court warned Plaintiff that failure to comply with the Show Cause Order may result in dismissal of this matter with prejudice. In total, Plaintiff failed to comply with three Orders by the Court. Consequently, this matter is DISMISSED WITH PREJUDICE. All pending motions are denied as MOOT. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   June 22, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**